Reed, J.,
delivered the opinion of the court.
It is hard to ascertain upon what theory the defense was attempted to be maintained. The purchasers might, upon examination of the goods, have refused to receive them, and rescinded the contract, or having, as in this case, received, *282 used and retained the goods, recoup any damages sustained by reason of breach of warranty or false representations.
No warranty appears to have been made. The goods were bought at low prices and intended to be cheap and ordinary. The statement of the agent, “ that he considered them as good or superior to other goods in the market of the same quality and hind,” amounted to no warranty — merely his opinion that they were equal to or superior to others of the same cost, and the statement that they were just as good as the Mott goods must be taken in connection with the former qualified statement, that they were equal to any other make of the same quality and kind. The evidence in regard to the character of the Mott goods was very limited and unsatisfactory, furnishing no basis for comparison. It showed several qualities of Mott goods, the best selling at $60.00 to $80.00 each. It cannot be supposed that either party expected to-find an article at $24.50 equal to standard goods at $60.00 or $80.00.
Having failed to rescind, the purchasers were remitted to damages for the false representations and trouble and cost of repairs, chang'es and alterations in making them available for the purposes for which they were bought. Instead of making accurate and definite proof of damages it was attempted to show generally that the goods were of no value. The proof failed to establish the contention, and the character of the evidence was too desultory and unsatisfactory to furnish the court a basis to establish the damage, except in the single instance of $5.00 each for relining, which was allowed by the court.
There was sufficient evidence on the part of both plaintiffs and defendants to show the articles of some value, and as the defendants failed to' show how much less such value was than the purchase price, the court could only give judgment for the balance after deducting the items proved as damages, which was done.
The judgment of the district court must be affirmed.

Affirmed.